United States District Court
Southern District of Texas
**ENTERED**
July 24, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SAMANTHA GONZALEZ, *Individually and as Heir and Personal Representative of the Estate of Minor X.L, Deceased, and As Next Friend to Plaintiff Minor N.L., Heir to the Estate of Rene Llamas, Deceased,*<br>Plaintiff,<br><br>vs.<br><br>IRONTIGER LOGISTICS, INC, *et al.*,<br>Defendants. | §§§§§§§§§§§§§§§§§ | CIVIL ACTION NO.<br>4:18-cv-03454<br><br><br><br><br><br><br><br><br>JUDGE CHARLES ESKRIDGE |

**MEMORANDUM AND ORDER**

Plaintiff Samantha Gonzalez seeks leave to file an amended complaint. Dkt 58. The motion is largely denied. Gonzalez may amend only for the limited purpose of clarifying her status as the administrator of the estate of Rene Llamas, Jr.

1. Background

Llamas and his son X.L. were fatally injured in March 2018 in a motor vehicle wreck on Interstate 10 in Colorado County, Texas. Dkt 1-1 at ¶ 6.1. Gonzalez is the mother of Llamas's sons, X.L. and N.L., both of whom are minors

She sued Defendants IronTiger Logistics, Inc, Scott Osterhout, Dealers Choice Truckaway System, Inc, and Truckmovers International, Inc. She did so as the heir and personal representative of the estate of X.L. and as next friend to

N.L., heir to the estate of Llamas. Id at ¶¶ 12.1, 13.1. Gonzalez asserts causes of action for negligence and gross negligence against all Defendants. She additionally seeks both wrongful death and survivor statute damages for herself and N.L.

Truckmovers was dismissed from the case in September 2018 for improper joinder. Dkt 11. A scheduling order was then entered in November 2018. Dkt 22. The deadline for amendments to pleadings was set for January 2019. The discovery deadline fell in October 2019. The motions deadline was in November 2019. The case was subsequently transferred to this Court on October 29, 2019. Dkt 50. All deadlines in the scheduling order remained in effect. Ibid. And by that time the deadline to amend pleadings had already passed.

A motion by Defendants to extend pretrial deadlines was granted in November 2019. Dkts 52, 53. The discovery deadline was extended into January 2020, with the motions deadline falling shortly afterwards. Gonzalez then filed in January 2020 an agreed motion for continuance due to a trial conflict of her counsel in an unrelated matter. Dkt 56. This, too, was granted. Dkt 57. The motions deadline was extended into May 2020, with docket call set in October 2020. But the discovery deadline was not further extended.

No scheduling order entered by this Court ever extended the deadline for amendments to pleadings that had passed in January 2019. Even so, Gonzalez now seeks to file an amended complaint. Dkt 58.

2. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) governs discretionary amendment of pleadings after the time has passed for amendment "as a matter of course" under Rule 15(a)(1). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Federal Rule of Civil Procedure 16(b) governs scheduling orders. A well-respected treatise notes that "any scheduling order issued under Rule 16(b) and the timetable it establishes will be binding." Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1522.2 (3d ed).

Rule 16(b)(3) states, "The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Rule 16(b)(4) then provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." Four factors are relevant to the analysis of *good cause*:

- o The explanation for the failure to timely move for leave to amend;
- o The importance of the amendment;
- o Potential prejudice in allowing the amendment; and
- o The availability of a continuance to cure such prejudice.

*Innova Hospital San Antonio, Ltd Partnership v Blue Cross & Blue Shield of Georgia, Inc*, 892 F3d 719, 735 (5th Cir 2018) (citations omitted).

Rule 16(b)(3) specifically requires the district court to limit the time to amend the pleadings. As such, the more "liberal standard" of Rule 15(a) doesn't apply until the movant demonstrates the requisite good cause. Id at 734–35. The scheduling order controls and leave to amend will be denied in the absence of "some showing of why an extension is warranted." Wright & Miller, *Federal Practice & Procedure* at § 1522.2; see also *S&W Enterprises, LLC v Southtrust Bank of Alabama, NA*, 315 F3d 533, 535 (5th Cir 2003) (citations omitted): "It requires a party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."

3. Analysis

It is now nearly two years after this action commenced and over fourteen months after the deadline for amending pleadings has passed. Gonzalez seeks leave to amend her complaint for three reasons: *first*, to conform the pleadings to the federal rules because the case was originally filed in state court; *second*, to refine her negligence allegations; and *third*, to formalize her status as a judicially appointed administrator of Llamas' estate. Dkt 58 at 2.

Gonzalez asserts that the first two reasons seek amendments that are "essentially housekeeping in nature." Id at 5. Defendants strongly object. Dkt 59 at 5–6. They argue that substantial

3

discovery has been completed on the basis of her current negligence allegations, including all depositions of her experts. And they note that the amended-pleadings deadline has long since passed.

There is no good explanation for the delay. Gonzalez attempts to dispute the deadline to amend pleadings. Dkt 58 at 5–6. But the original scheduling order clearly set the deadline to amend for January 16, 2019. Dkt 22. This was not superseded or changed by any later amended scheduling order. She also seeks to excuse this delay because her counsel had to attend an unrelated trial in January 2020. Dkt 58 at 2. But that trial occurred a full year after the deadline to amend pleadings and the completion of substantial discovery. "Attorney neglect or inadvertence will not constitute good cause supporting modification." Wright & Miller, *Federal Practice & Procedure* at § 1522.2 (3d ed).

The first two reasons for amendment are also apparently not all that important. Her motion squarely states that such amendments "are essentially housekeeping in nature. Neither of these changes materially affects the nature of Plaintiffs' claims herein, and indeed, Plaintiffs could theoretically proceed to trial without these two amendments." Dkt 58 at 5.

The prejudice in allowing amendment at this late date is obvious. Discovery has already closed after a substantial investment of time and expense. A continuance could of course be entered, but that in no way addresses the cost to this point— particularly as balanced against the inability to show any acceptable reason for the delay.

Gonzalez thus fails to establish good cause for her delay in seeking amendment to conform her pleadings to federal rules and to refine her allegations of negligence. See *Squyres v Heico Companies, LLC*, 782 F3d 224, 238–39 (5th Cir 2015). Defendants state no objection to Gonzalez filing an amendment for the limited purpose of naming her as the administrator of Llamas's estate. Id at 4. Amendment will be allowed only in that respect.

### 4. Conclusion

The motion to amend by Gonzalez is GRANTED IN PART and DENIED IN PART. Dkt 58.

Gonzalez may amend for the sole purpose of clarifying her status as the administrator of Llamas' estate. She must do so by August 14, 2020.

SO ORDERED.

Signed on July 24, 2020, at Houston, Texas.

*[signature: Chas R Eskridge II]*

Hon. Charles Eskridge
United States District Judge