United States District Court
Southern District of Texas

**ENTERED**

October 22, 2020

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMANTHA F. GONZALEZ, | § § | CIVIL ACTION NO. 4:18-cv-03454 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| IRONTIGER | § | |
| LOGISTICS, *et al*, | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION DENYING
MOTION FOR PROTECTIVE ORDER**

The motion by Defendants IronTiger Logistics, Inc, Dealers Choice Truckaway System, Inc, and Scott Dale Osterhout seeking a protective order is denied. Dkt 64.

1.   Background

This case arises out of a head-on collision on the I-10 freeway between a Mack truck driven by Osterhout and a car driven by Rene Llamas, Jr. The accident killed Llamas and his child, minor XL. Plaintiff Samantha F. Gonzalez is the child's mother. She brought a wrongful death action against Osterhout, IronTiger Logistics, Dealers Choice, and Defendant Truck Movers International, Inc.

The parties dispute the taking of the depositions of certain defense witnesses, being a Rule 30(b)(6) corporate representative and their four retained expert witnesses. The COVID-19 pandemic presents logistical and safety concerns.

The present motion comes after months of delays, scheduling conflicts, and health concerns that prevented the depositions from occurring. All case deadlines were stayed in April of this year "pending completion of the requested

depositions." Dkt 61 at 2. That order presumptively required the depositions to proceed in person, rather than by video conference. The depositions were at that time scheduled for the end of July and early August, with the underlying assumption that in-person depositions would be safe by then. But the pandemic worsened through that time. Dkt 64 at 4.

Plaintiff refused to cancel the scheduled depositions, so Defendants sent an initiation discovery-dispute letter pursuant to this Court's procedures. Defendants were ordered to bring a motion for protective order. See Minute Entry, 07/20/2020. They then brought the subject motion, seeking a four-month delay "in order to allow them to take place in person, or alternatively impose reasonable limits on such depositions." Dkt 64 at 1.

2.   Legal standard

Rule 26(c) allows a district court to grant protective orders that limit the extent and manner of discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." These rules "leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2036 (3d ed 2002); see *In re LeBlanc*, 559 F Appx 389, 392–93 (5th Cir 2014); *Crawford v Blue Ridge Metals Corp*, 2020 WL 4001093, *2 (WDNC) (analyzing whether to issue protective order because of COVID-19).

The party seeking such an order must show good cause and a specific need for protection. *In re Terra International Inc*, 134 F3d 302, 306 (5th Cir 1998). The court must compare relative burdens and benefits when considering a request for protection—the hardship borne by the party complying with the discovery versus the probative value gained by the opponent obtaining the information. *Cazorla v Koch Foods of Mississippi LLC*, 838 F3d 540, 555 (5th Cir 2016).

3.   Analysis

Defendants argue that the factual disputes in this case are too complex for virtual depositions, witnesses cannot be prepared virtually, and there is no cost to delaying depositions. Dkt 64 at

2

6–8. Gonzalez argues that virtual depositions have been successful in many complex cases, video depositions solve the problems raised by telephonic depositions, and there is abundant caselaw endorsing virtual depositions—especially in light of the current pandemic. Dkt 65 at 5–9.

The COVID-19 pandemic has presented substantial difficulties to communities and persons, with a reordering of society that has tightened some restrictions on conduct when deemed necessary. The legal system must persevere while taking into account the health and safety of all those made part of the process. Delaying depositions, hearings, and trials until the pandemic has entirely subsided is unrealistic and would create an unmanageable workload for the court system at that later time. A view towards overall postponement could also result in never-ending delay as judges try to "predict the end of an unparalleled global health crisis." *Impulsora de Marcas e Intangibles, SA de CV v Dos Amigos, Inc*, 2020 WL 4577149, *2 (WD Tex).

The courts are now balancing these interests and concerns by ordering parties to proceed with litigation virtually. This is particularly true of depositions. See id at *1; *Reynard v Washburn University of Topeka*, 2020 WL 3791876, *6 (D Kan) (ordering virtual deposition for elderly party at heightened risk of COVID-19 exposure); *Sonrai Systems, LLC v Romano*, 2020 WL 3960441, *1 (ND Ill) (granting protective order in favor of virtual depositions due to pandemic).

The one case cited by Defendants to support delaying depositions is unpersuasive here. In *GREE, Inc v Supercell Oy*, the court considered a motion to compel depositions in a patent infringement case. 2020 WL 2473553, *3 (ED Tex). The court denied the motion because the requested depositions were both speculative and duplicative. Ibid. And the court noted that the party to be deposed had already provided "an alternative avenue in which to obtain the information," including "written questions" and remote access. Ibid. The uncertainty posed by COVID-19 played almost no part in the decision of that court. If anything, *GREE* supports the use of virtual alternatives to in-person depositions.

3

Concerns expressed by Defendants about the logistics of virtual depositions simply don't comport with available technology. The Eastern District of Louisiana in *SAPS v EZ Care Clinic* recently ordered virtual depositions to proceed, noting that cases decided prior to modern video-conferencing technology are becoming less persuasive. 2020 WL 1923146, *1–2 (ED La); see also *Rouviere v DePuy Orthopaedics, Inc*, 2020 WL 3967665, *4 (SDNY) (logistical difficulties shouldn't prevent virtual depositions from proceeding). And parties in far more complex cases have also successfully taken virtual depositions. The Northern District of Illinois recently ordered virtual depositions to proceed in *In re Broiler Chicken Antitrust Litigation*, which involves "three putative classes, over 100 opt-out DAPs, more than 20 Defendants, dozens of lawyers, and the United States Department of Justice, as intervenor, watching everything that is going on because of a parallel grand jury investigation, and at least one pending felony indictment." 2020 WL 3469166, *1 (ND Ill). The Southern District of New York in *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* likewise recently ordered a deponent to sit for a virtual deposition, noting that the parties had already conducted 37 such depositions. 2020 WL 3271623, *1 (SDNY).

Gonzalez makes a compelling argument in favor of these depositions proceeding now, even if trial isn't imminent. Memories fade and witnesses become unavailable with the passage of time in all cases. She also argues here that information obtained in these depositions could assist in settlement negotiations. And precise settlement discussions are especially important in a wrongful-death matter because so many of these cases end in settlement. Dkt 65 at 10–11. But even if the depositions only serve to confirm the current positions of the parties, that information will help determine whether to take the case to trial.

Litigation in the final quarter of 2020 looks very different than it did in its earlier months. The pandemic has forced everyone to adapt to change in these uncertain times. But "the economic administration of justice" must proceed—even if it

requires litigants and the court to overcome new challenges. See *Impulsora*, 2020 WL 4577149, *2.

    4.    Conclusion

The motion by Defendants for a protective order is DENIED.

A separate order will issue separately with guidelines for the parties to follow when conducting virtual depositions.

SO ORDERED.

Signed on October 22, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge